UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

D.M. (a minor) by and through
her parent and natural guardian,
FREDERICKA V. BLACK
individually,

      Plaintiff(s),

v.

BALAJI INVESTMENTS, INC.,
d/b/a DAYS INN, and
HARESH JARIWALA, individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff D.M. (a minor) through her parent and natural guardian FREDERICKA V. BLACK, by and through the undersigned counsel, and hereby sues Defendants BALAJ INVESTMENTS, INC., d/b/a DAYS INN, and HARESH JARIWALA individually, and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The undersigned counsel has kept the identity of Plaintiff, D.M. confidential by referring to her initials, rather than putting her names on the public record.

Page **1** of **17**

3. At all times material hereto, D.M., a minor, and her parent and natural guardian, FREDERICKA V. BLACK, have been residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff, D.M. is a covered employee for purposes of the Act.

4. Defendant BALAJ INVESTMENTS, INC., d/b/a DAYS INN  (hereinafter, DAYS INN FORT LAUDERDALE, or Defendant) is a Florida corporation having a place of business in Broward County, Florida, where Plaintiff worked for Defendant. At all times, material hereto, Defendant was engaged in interstate commerce.

5. The individual Defendant HARESH JARIWALA was and is now the owner/partner/officer and manager of Defendant Corporation DAYS INN FORT LAUDERDALE. Defendant HARESH JARIWALA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Broward County, County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff D.M., a minor, and her parent and natural guardian, FREDERICKA V. BLACK to recover from Defendants unpaid regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

8. Corporate Defendant DAYS INN FORT LAUDERDALE is a hotel located at 1700 W. Broward Blvd., Fort Lauderdale, FL 33312, where Plaintiff worked.

9.  Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel and affects interstate commerce through its business activity. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed at maintaining facilities providing hotel services to tourists. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines in the course of business. Therefore, there is FLSA individual coverage.

11. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff D.M. as a non-exempted, full-time hotel employee from approximately October 11, 2021, to October 31, 2021, or 3 weeks.

12. Plaintiff had duties as a front desk attendant, and her wage rate was $13.00 an hour.

13. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 5 days per week, from 3:00 PM to 12:00 AM (9 hours daily), a minimum of 45 hours weekly.

14. Plaintiff worked regularly and consistently for more than 40 hours every week. However, Plaintiff was not paid her regular wages or overtime hours.

15. Defendants could track the number of hours worked by Plaintiff, and they knew about the total number of hours worked by Plaintiff.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff complained to Defendants about her unpaid wages, every week. However, Plaintiff ignored Plaintiff's complaints.

18.  On or about October 31, 2021, Defendants fired Plaintiff due to her continued complaints about unpaid wages.

19. At the time of her termination, Defendants refused to pay Plaintiff for his first three weeks of work.

20. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

21. On or about October 31, 2021, Plaintiff was fired due to her continuous complaints about missing payment for hours worked.

22. Plaintiff intends to recover any regular hours, overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

23. At times mentioned, individual Defendant HARESH JARIWALA was the owner/partner, and he directed DAYS INN FORT LAUDERDALE operations. This individual Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this

individual Defendant acted directly in the interests of DAYS INN FORT LAUDERDALE concerning its employees, including Plaintiff and others similarly situated. Defendant HARESH JARIWALA had financial and operational control of the business and provided Plaintiff with her work schedule. Accordingly, he is jointly and severally liable for Plaintiff's damages.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one-half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

25. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK, re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

26. This cause of action is brought by Plaintiff D.M., a minor, and through her parent and natural guardian, FREDERICKA V. BLACK, as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2021, (the "material

time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff as a non-exempted, full-time hotel employee from approximately October 11, 2021, to October 31, 2021, or 3 weeks.

28. Plaintiff had duties as a front desk clerk, and her wage rate was $13.00 an hour.

29. During the relevant time of employment with Defendants, Plaintiff had a regular schedule, and he worked 5 days per week, a minimum of 45 hours weekly.

30. Plaintiff worked regularly and consistently for more than 40 hours every week. However, Plaintiff was not paid for all her overtime hours.

31. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was never regular wages or overtime hours.

34. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that this amount is based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate.

    a.   Total amount of alleged unpaid O/T wages:

        Two Hundred Ninety-Two Dollars and 50/100 ($292.50)

    b.   Calculation of such wages:

        Total weeks of employment: 3 weeks
        Total relevant weeks of employment: 3 weeks
        Total hours worked:  45 Weekly
        Total unpaid O/T hours: 5 O/T hours
        Regular rate: $13.00 an hour x 1.5=$19.50
        Overtime rate; $19.50 an hour

        O/T $19.50 x 5 O/T hours=$97.50 weekly x 3 weeks=$292.50

        Nature of wages (e.g., overtime or straight time):

        This amount represents unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendants DAYS INN  FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff D.M. and against the Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK demands a trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

41. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

42. Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

43. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

44. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

45. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff D.M., a minor, as a non-exempted, full-time hotel employee from approximately October 11, 2021, to October 31, 2021, or 3 weeks.

46. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 5 days per week, a minimum of 45 hours weekly.

47. Plaintiff worked regularly and consistently for more than 40 hours every week. However, she was not paid for all her hours worked. In fact, Defendants never paid Plaintiff her regular wages.

48. Plaintiff complained many times about her unpaid wages, and as a result, Plaintiff was fired on or about October 31, 2021.

49. At the time of her termination, Defendants refused to pay Plaintiff her overdue wages.

50. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

51. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

52. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

53. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon

information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

54. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

55. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

      One Thousand Two Hundred Dollars and 00/100 ($1,200.00)

    b.  <u>Calculation of such wages</u>:

      Total period of employment:  3 weeks
      Total relevant weeks: 3 weeks
      Total number of unpaid weeks: 3 weeks
      Total hours worked: 40 regular hours weekly
      Rate paid:  $0.00 an hour
      Florida minimum wage 2021:  $10.00

      Min. wage $10.00 x 40 hours= $400.00 weekly x 3 week=$1,200.00

    c.  <u>Nature of wages</u>:

      This amount represents unpaid minimum wages at the Florida minimum wage rate.

56. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during her relevant time of employment.

57. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

58. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

59. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK  respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff D.M. and against the Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

60. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

61. Defendant DAYS INN FORT LAUDERDALE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

62. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

63. 29 U.S.C. § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA employed Plaintiff D.M., a minor, as a non-exempted, full-time hotel employee from approximately October 11, 2021, to October 31, 2021, or 3 weeks.

67. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked 5 days per week, a minimum of 45 hours weekly.

68. Plaintiff worked regularly and consistently for more than 40 hours every week. However, she was not paid for all her overtime hours.

69. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and knew about the number of hours that Plaintiff was working.

70. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

71. Plaintiff was not in agreement with the lack of payment for overtime hours, and she complained multiple times about her missing overtime payments to General Manager, Deepak Kohli. The manager always promised to fix the problem next week, but he never corrected anything.

72. These complaints constituted protected activity under the Fair Labor Standards Act.

73. On or about October 31, 2021, Plaintiff complained verbally to the owner of the business, Haresh Jariwala.  Plaintiff demanded to be paid her wages.

74. However, as a direct result of Plaintiff's complaints, Defendants fired Plaintiff, on or about October 31, 2021,

75. At the time of her termination, Defendants refused to pay Plaintiff her overdue wages.

76. There is a substantial number of hours that were never paid at any rate, not even at the minimum wage rate, as required by law.

77. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

78. On or about October 31, 2021, Plaintiff was fired due to her continuous complaints about missing payment for regular and overtime hours.

79. During her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

80. There is close proximity between Plaintiff's last protected activity and her termination.

81. Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA willfully and intentionally refused to pay Plaintiff regular and overtime wages as required by the laws of the United States as set forth above and then retaliated against Plaintiff by firing her.

82. The motivating factor which caused Plaintiff's discharge as described above was Plaintiff's complaints seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about overtime wages.

83. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

84. Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA

V. BLACK respectfully requests that this Honorable Court:

A.  Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants DAYS INN FORT LAUDERDALE and HARESH JARIWALA, that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff D.M., a minor, through her parent and natural guardian, FREDERICKA V. BLACK demands a trial by jury of all issues triable as of right by jury.

Dated:  July 31, 2023

Respectfully submitted,

By: __/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*